## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OHIO

| | |
|---|---|
| R.Z., by his/her parent B.Z.;<br>C/O SEBALY SHILLITO + DYER<br><br>Plaintiffs,<br><br>v.<br><br>CINCINNATI PUBLIC SCHOOLS; et al.<br><br>Defendants. | CASE NO. 1:21-CV-00140<br><br>Judge: Matthew W. McFarland<br><br>Magistrate Judge: Stephanie K. Bowman<br><br><br>PLAINTIFF'S MOTION FOR EXPITED DISCOVERY |

_____

Plaintiff, R.Z. through his/her parent B.Z. ("Plaintiff") pursuant to Federal Rules of Civil Procedure 26, 30, 33, and 34, moves this Court for an order to expedite the discovery process in this action which seeks expedited relief particularly on compensatory services during the COVID pandemic. Compensatory services are available, indeed required, under the Individuals with Disabilities Education Act "(IDEA"), 20 U.S.C. §1400 et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), the Ohio Individual with Disabilities Education Improvement Act ("OIDEIA") and the Ohio Education of Children with Disabilities Law, Ohio Rev. Code Chapter 3323 ("Ohio Education Law") (collectively the "Education Laws"). If Plaintiff is required to pursue the standard discovery processes required by Rule 26, then compensatory services during the current school year could be forever lost. The grounds for this expedited discovery request are set forth in the accompanying Memorandum.

Respectfully submitted,

/s/ Daniel J. Donnellon
Daniel J. Donnellon (0036726)
Kaitlyn C. Meeks (0098949)
SEBALY SHILLITO + DYER
A Legal Professional Association
9100 West Chester Towne Centre Drive
Suite 210
West Chester, Ohio 45069
937-222-2500 Telephone
937-222-6554 Facsimile

*Attorneys for Plaintiff*

**MEMORANDUM**

This is an action brought in an effort to salvage the failure to educate at least one of the invisible or lost children with disabilities being neglected by Defendants during the COVID-19 pandemic.  Defendants have completely failed to provide a free appropriate public education for R.Z., a high school student with qualified disabilities, by ignoring the effects of remote, online learning on R.Z.'s Individualized Education Plan ("IEP"), refusing to reopen R.Z.'s high school, and making absolutely no efforts for compensatory services which should have, and could have, been provided to R.Z.  In 2020, when Governor Mike DeWine shut down public schools, some Ohio Schools immediately reviewed IEPs with parents and made efforts to provide compensatory services, including in-person exceptions, to meet the IEP goals.  Defendants did no such thing and, despite recently opening all other Cincinnati Public Schools, they continue a stay-at-home mandate for Walnut Hills.  In order to fully and completely prepare for any potential interim equity relief relating to compensatory services for R.Z., Plaintiff seeks an Order to expedite document production, interrogatory responses, and limited depositions, on a mutual basis, to be completed outside the timelines of Initial Disclosures, a Rule 26(f) conference, and the normal time frame of Rules 30, 33, and 34.

Courts have wide discretion with respect to discovery, and the Federal Rules of Civil Procedure expressly provides that a Court may shorten the time allowed for answering and responding to interrogatories and requests for the production of documents.  See, Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A)("A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.")

Further, courts routinely permit expedited discovery, particularly in connection with a legal action seeking urgent equity relief.  *See, e.g.*, *Lemkin v. Bell's Precision Grinding*, No.

2:08-cv-789, 2009 WL 1542731, at *2 (S.D. Ohio June 2, 2009) *Hydropartners, LLC v. Ecoenergy Energy Generation Ltd.*, No. 1:08-CV-819, 2008 WL 1775411, at *2 (N.D. Ohio April 16, 2008) ("[S]uch limited discovery in advance of [a preliminary] injunction hearing is supported by applicable law."); *Hausser Taylor LLC v. RSM McGladrey, Inc.*, No. 1:07-CV-2832, 2007 WL 2778659, at *3 (N.D. Ohio Sept. 21, 2007) (permitting expedited discovery to "allow Plaintiff the opportunity to present evidence warranting a preliminary injunction"); *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.,* 344 F.Supp.2d 986, 991 (S.D. Tex. 2004) ("Expedited discovery would be appropriate in cases involving preliminary injunctions or challenges to personal jurisdiction." (citation omitted)).

Courts within this district have set forth the standard for determining the good cause necessary for expedited discovery:

> Pursuant to Rule 26(d), the Court may order discovery prior to the Rule 26(f) conference. Expedited discovery may be granted upon a showing of good cause, which the moving party bears the burden of demonstrating. *Best v. AT&T, Inc.*, No. 1:12-cv-564, 2014 WL 1923149, at *1 (S.D. Ohio May 14, 2014). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records, LLC v. Does* 1-15, 2:07-cv-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007). Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time. *Caston v. Hoaglin*, No. 2:08-cv-200, 2009 WL 1687927, at *2 (S.D. Ohio June 12, 2009). The scope of the requested discovery is also relevant to a good cause determination. *Russell v. Lumpkin*, No. 2:10-cv-314, 2010 WL 1882139, at *2 (S.D. Ohio May 11, 2010). Ultimately, the Court retains broad discretion in establishing the timing and scope of discovery. *Lemkin v. Bell's Precision Grinding*, No. 2:08-cv-789, 2009 WL 1542731, at *2 (S.D. Ohio June 2, 2009).

*Luxottica Retail North America, Inc. v. Vision Service Plan*, 1:14-cv-581 (Sept. 12, 2014)(Black, J.)

In the instant case, the narrow discovery sought, the urgent the need for determining why compensatory services have not been offered, and to determine what compensatory services are available, far outweigh any prejudice to Defendants. Moreover, to balance any such prejudice,

Plaintiff proposes mutuality in such discovery. The efficient administration of justice warrants the narrow expedited discovery sought.

> The expedited discovery Plaintiff seeks is limited and mutual. Plaintiff proposes:
>
> 1. Shortening the time to respond to written discovery, interrogatories and requests for production of documents to 14 days.
> 2. Allowing for up to 4 non-party witness depositions for each side for a total of 720 minutes prior to the hearing on preliminary injunction as arranged by counsel. This is an estimate of 180 minutes per deposition, but can be divided up by the examining attorney in any way counsel wants not to exceed a 4 hour maximum.
> 3. Allowing depositions of the parties, including Rule 30(B)(5) depositions for the corporate representatives, not to exceed 180 minutes per witness.

All of this expedited discovery shall focus upon the issues raised relating to the preliminary injunction hearing, and shall not preclude a second deposition of the witness after the hearing on motion for preliminary injunction.

The timeframes requested for expedited discovery are not unreasonable, especially when considering the timing of expedited discovery granted in other cases. *See* cases cited above.

A proposed Order granting such expedited discovery is attached.

Respectfully submitted,

/s/ Daniel J. Donnellon
Daniel J. Donnellon         (0036726)
Kaitlyn C. Meeks            (0098949)
SEBALY SHILLITO + DYER
A Legal Professional Association
9100 West Chester Towne Centre Drive
Suite 210
West Chester, Ohio 45069
937-222-2500 Telephone
937-222-6554 Facsimile

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on March 3, 2021 a copy of the foregoing was served upon the following individual via email.

Jeremy J. Neff, Esq.
Ennis Britton Co., L.P.
1714 West Galbraith Rd.
Cincinnati, OH 45239

/s/ Daniel J. Donnellon
Daniel J. Donnellon

3634688.1

6

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OHIO

| | |
|---|---|
| R.Z., by his/her parent B.Z.; : <br> C/O SEBALY SHILLITO + DYER : <br>   : <br> Plaintiffs, : <br>   : <br> v. : <br>   : <br> CINCINNATI PUBLIC SCHOOLS; et al. : <br>   : <br> Defendants. : | CASE NO. 1:21-CV-00140 <br><br> Judge: Matthew W. McFarland <br><br> Magistrate Judge: Stephanie K. Bowman <br><br><br> PROPOSED ORDER FOR MOTION FOR EXPEDITED DISCOVERY |

On motion and for good cause shown, the Court sustains Plaintiff's Motion for Expedited Discovery. The discovery to be expedited is as follows:

1. Shortening the time to respond to written discovery, interrogatories and requests for production of documents to 14 days.

2. Allowing for up to 4 non-party witness depositions for each side for a total of 720 minutes prior to the hearing on preliminary injunction as arranged by counsel. This is an estimate of 180 minutes per deposition, but can be divided up by the examining attorney in any way counsel wants not to exceed a 4 hour maximum.

3. Allowing depositions of the parties, including Rule 30(b)(6) depositions for the corporate representatives, not to exceed 180 minutes per witness.

IT IS SO ORDERED

_____
Judge

**SUBMITTED BY:**

/s/ Daniel J. Donnellon
Daniel J. Donnellon           (0036726)
Kaitlyn C. Meeks              (0098949)
SEBALY SHILLITO + DYER
A Legal Professional Association
9100 West Chester Towne Centre Drive
Suite 210
West Chester, Ohio 45069
937-222-2500 Telephone
937-222-6554 Facsimile

*Attorneys for Plaintiff*

**COPIES TO:**

Daniel J. Donnellon. Sebaly Shillito + Dyer, 9100 West Chester Towne Centre Drive, Suite 210, West Chester, OH 45069
Kaitlyn C. Meeks, Sebaly Shillito + Dyer, 40 N. Main St., Suite 1900, Dayton, OH 45423
Jeremy J. Neff, Ennis Britton Co., L.P., 1714 West Galbraith Rd., Cincinnati, OH 45239

3635199.1