UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| R.Z., by his/her parent B.Z. | : | Case No. 1:21-CV-00140 |
| | : | |
| Plaintiff, | : | Judge McFarland |
| | : | Magistrate Judge Bowman |
| v. | : | |
| | : | |
| CINCINNATI PUBLIC SCHOOLS, et al. | : | MEMORANDUM IN OPPOSITION TO |
| | : | PLAINTIFF'S MOTION FOR EXPEDITED |
| Defendants. | : | DISCOVERY AND MOTION FOR A |
| | : | PROTECTIVE ORDER |

Cincinnati Public Schools and all other Defendants (collectively, the "School Defendants") respectfully submit that the motion filed for expedited discovery (Doc. 16) and for a protective order (Doc. 17) in this matter should be denied.[1] The gravamen of Plaintiff's complaint is that CPS has either violated R.Z.'s individual education plan (IEP) or otherwise failed to provide R.Z. with an adequate and appropriate education during the time that schools have been closed to in-person learning because of COVID-19. Plaintiff's claims – brought under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. (IDEA) – must be filed as a state administrative complaint. Pursuant to the IDEA's exhaustion requirement, Plaintiff cannot file a federal complaint until Plaintiff has followed and exhausted the state due process requirement.

Ironically, Plaintiff seeks here to deviate from the federal district court's regular rules and procedures – by filing a motion for expedited discovery and a motion for a protective order.

---

[1] The School Defendants submit this response notwithstanding that they have not yet received service of the Complaint pursuant to Fed. R. Civ. P. 4. CPS's counsel has offered to waive service pursuant to Rule 4(d) or to accept service on behalf of all defendants pursuant to Rule 4(c). As of the filing of this memorandum, the School Defendants have only received an email from Plaintiff's counsel with a copy of the complaint. The School Defendants respectfully reserve the right to argue that the case should be dismissed if Plaintiff does not properly serve the Complaint.

Expedited discovery and anonymity are both assured by the regular processes that apply in a state due process hearing – which is the mandatory process for Plaintiff to pursue claims related to R.Z.'s disability and IEP. There is no reason for the Court to deviate from its usual procedures to accommodate this case which should never have been filed in federal court in the first place.

    A.    <u>Plaintiff's Complaint Is Subject To Dismissal For Failing To Exhaust Administrative Remedies Under The IDEA.</u>

The Complaint filed by R.Z. alleges that CPS has "failed to provide a free appropriate public education for R.Z." by failing to accommodate his special education needs during the time that CPS schools have been closed for in-person learning to prevent the spread of COVID-19. (Doc. 1, Compl. at ¶ 2). Plaintiff further alleges that R.Z. has not received the same services that R.Z. would have received if schools were open, and accordingly, that R.Z. is entitled to compensatory educational services. (*Id*. at ¶ 52). R.Z. brings claims under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, and under the Rehabilitation Act, 29 U.S.C. § 794, and Ohio law. (*Id*. at ¶¶ 45-84).

The claims in the Complaint are barred, in their entirety, by the IDEA's administrative exhaustion requirement. The IDEA includes comprehensive and exclusive procedural safeguards that a parent must follow to challenge a school district's failure to provide an appropriate education to a student with disabilities. *See* 20 U.S. Code § 1415. The Supreme Court has recently held that a plaintiff may not circumvent the IDEA's administrative exhaustion requirement by bringing the plaintiff's complaint under the Rehabilitation Act or Americans with Disabilities Act. *See Fry v. Napolean Community Schools*, 137 S. Ct. 743 (2017). "If a lawsuit charges [that a school district denied a student a free and appropriate education], the plaintiff cannot escape [the exhaustion requirement in] 20 U.S.C. § 1415(l) merely by bringing her suit

under a statute other than the IDEA." *Id*. at 754. Indeed, the Supreme Court held that the IDEA "requires exhaustion when the gravamen of a complaint seeks redress for a school's failure to provide a [free and appropriate public education], even if not phrased or framed in precisely that way." *Id.* at 755.

In *L.G. v. Board of Education of Fayette County,* 775 Fed. Appx. 227 (6th Cir. 2019), the parents of a student subject to an extended educational absence filed a lawsuit against the school district for failing to provide their child with appropriate educational services. The Sixth Circuit affirmed the federal district court's dismissal of the case – reasoning that under *Fry* the parent's claims were subject to the IDEA's exhaustion requirement, even though the claims were brought pursuant to the Rehabilitation Act. "[I]n the interest of judicial economy and to take advantage of agency expertise, the IDEA requires that a plaintiff exhaust the IDEA's administrative procedures before filing an action under the ADA, the Rehabilitation Act, or similar laws [when] the suit seeks relief that is also available under the IDEA." *Id*. at 230.

In this case, R.Z. does not even attempt to disguise that this case is being brought to challenge CPS's alleged failure to provide R.Z. with a free and appropriate education. Nor does R.Z. disguise that these claims are brought pursuant to the IDEA – the first cause of action in the Complaint. (Doc. 1, Compl. at ¶¶ 45-54). Indeed, the other claims in the Complaint are clearly secondary to Plaintiff's primary argument that CPS denied R.Z. a free and appropriate education and violated the IDEA. Plaintiff repeatedly asserts that exhaustion of administrative remedies would be futile, but Plaintiff's reasons for bypassing the administrative process are without merit. (Doc. 1, Compl. at ¶¶ 12, 14). Plaintiff seems to argue that compensatory education – a routine remedy offered for denials of a free, appropriate, public education under IDEA – could not cure the harm allegedly suffered by R.Z. (Doc. 1, Compl. at ¶ 13). Yet, Plaintiff demands

compensatory services as the remedy for the alleged violation of IDEA and Section 504 of the Rehabilitation Act. (Doc. 1, Compl., at ¶¶ 52, 68).

It must be noted that Plaintiffs do not allege that they made any effort to address their concerns prior to filing this litigation. To the extent expediency is a genuine concern, parents of students with disabilities can call for IEP team meetings at any time. Parents can also file administrative reviews that must be conducted and decided within twenty school days. Ohio Adm. Code 3301-51-05(K)(1). A state formal complaint can be filed if a third-party review is preferred, and this will be investigated and decided by the Ohio Department of Education within sixty days. Ohio Adm. Code 3301-51-05(K)(4). Plaintiffs do not allege they took any of these steps, and they failed to file a due process complaint. This is legally significant because this court has previously found that while there are "limited circumstances" in which exhaustion is not required, when a parent has failed for months to initiate action to address an IDEA concern the parent's failure to exhaust will not be excused for "an emergency that is in fact 'a problem of their own making.'" *T.H. v. Cincinnati Public School Dist. Bd. of Educ.* 2014 WL 2931426 at *7-8 (S.D. Ohio June 27, 2014) (citing *Crocker v. Tenn. Secondary Sch.Athletic Ass'n*, 873 F.2d 933, 936-937 (6th Cir.1989)).

The Supreme Court offered a "pair of hypothetical questions" in *Fry* as a simple method for identifying when exhaustion is required:

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school—say, a public theater or library? And second, could an adult at the school—say, an employee or visitor—have pressed essentially the same grievance? When the answer to those questions is yes, a complaint that does not expressly allege the denial of a FAPE is also unlikely to be truly about that subject; after all, in those other situations there is no FAPE obligation and yet the same basic suit could go forward. But when the answer is no, then the complaint probably does concern a FAPE, even if it does not explicitly say so; for the FAPE requirement is all that explains why only a child in the school setting (not an adult in that setting or a child in some other) has a viable claim.

*Fry* 137 S. Ct. at 756. Here the answer to both questions is plainly "no." The complaint is precisely and entirely centered on an alleged denial of FAPE to RZ. Plaintiff's failure to exhaust the administrative remedies available under the IDEA is fatal to Plaintiff's case.

>    B.  <u>Plaintiff's Motion For Expedited Discovery And For A Protective Order Are Unnecessary Considering Those Protections Are Available To Parents Filing State Due Process Complaints.</u>

Plaintiff's Complaint acknowledges the requirement to exhaust administrative remedies, but asserts several reasons that the administrative exhaustion requirement is not applicable to Plaintiff's claims here. Plaintiff claims that state due process proceedings are "adversarial," and "lengthy," and involve "petitions, motion practice, testimony, and evidence" – all of which Plaintiff claims are prohibitively burdensome for parents and serve to prolong the denial of educational services to students. Plaintiff fails to explain how a federal lawsuit filed against CPS is less "adversarial" than a due process complaint – and how this lawsuit will not involve petitions, motion practice, testimony, and evidence. Notably, the 6th Circuit Court of Appeals has observed that the benefits of the exhaustion requirement include that it "enables the agency to develop a factual record, to apply its expertise to the problem, to exercise its discretion, and to correct its own mistakes, and is credited with promoting accuracy, efficiency, agency autonomy, and judicial economy." *Donoho v. Smith Cnty. Bd. of Educ.* 21 F. App'x 293, 296-297 (6th Cir. 2001) (favorably cited by the District Court for the Southern District of Ohio in multiple decisions including *T.H. v. Cincinnati Public School Dist. Bd. of Educ.* 2014 WL 2931426 at *4 (S.D. Ohio June 27, 2014). It is ironic that Plaintiff's first step in this case has been to file emergency motions to request the Court to adjust its regular processes for service and process, discovery, and protecting Plaintiff's identity. An administrative due process hearing is far less

"adversarial" than a federal lawsuit.[2] Indeed, the very first step to filing an administrative due process complaint under the IDEA is a <u>mandatory</u> alternative dispute resolution session that is held between the parents and the school district. *See* 20 U.S.C. 1415(f)(1)(B). Such a meeting must be held within 15 days after the parent filed the complaint, and may not be attended by an attorney for the school district unless the parent is also accompanied by an attorney. *Id*. In Ohio, parents and school districts also have the opportunity to engage in mediation – with a mediator paid for by the Ohio Department of Education. *See* Ohio Adm. Code 3301-51-05(K)(3). The state due process procedures demand immediate alternative dispute resolution.

State due process hearings are held on a fast-tracked basis by rule. Under Ohio Adm, Code 3301-51-05(k)(15)(a), "The Ohio department of education <u>must ensure</u> that not later than forty-five days after the [parties' resolution efforts have failed], (i) a final decision is reached in the hearing; and (ii) a copy of the decision is mailed to each of the parties." This 45-day decision deadline demands that the parties engage in an expedited discovery and evidentiary hearing process. The due process hearing officer is empowered to issue subpoenas for witnesses and records. Ohio Adm. Code 3301-51-05(K)(12)(c). All evidence that will be presented at a due process hearing must be disclosed at least five business days prior to the hearing. Ohio Adm. Code 3301-51-05(K)(11)(a)(3). It is not necessary under Ohio's administrative process for resolving IDEA disputes for a parent to file a motion for expedited discovery.

With respect to anonymity – also sought here by Plaintiff in the motion for a protective order – school districts are required by state and federal student privacy protections to keep all student information confidential. *See* Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. *See also* Ohio Rev. Code 3319.321. IDEA effectively incorporates the

---

[2] As was noted above, there are many options for addressing concerns for a student on an IEP that offer relief that is swifter, less adversarial, and less complicated than federal litigation. Plaintiffs do not allege that they availed themselves of any of these options.

confidentiality requirements of FERPA. Ohio Adm. Code 3301-51-04(A), (M). Again, there is no requirement that a parent file an emergency motion to deviate from the rules to request anonymity for the parent's child. The parent is assured anonymity by FERPA and IDEA, and has the choice of whether to make the due process hearing open to the public – or closed to maintain confidentiality. *See* Ohio Adm. Code 3301-51-05(K)(11)(c). Notably, educators licensed by the Ohio Department of Education put their licensure at risk if they violate these confidentiality requirements. *See* Ohio Rev. Code 3319.31(B)(1), (G).[3]

In short, all of the special exceptions that Plaintiff is seeking here are required elements of a state administrative due process hearing. Regardless of Plaintiff's groundless claims about the futility of the administrative due process hearing, the IDEA compels Plaintiff to file these claims in a state due process hearing – as a precondition of filing this federal case.

Plaintiff's motions should be denied, and the Complaint should be dismissed.

Respectfully submitted,

Of counsel:
Daniel J. Hoying (0079689)
General Counsel
Cincinnati City School District
2651 Burnet Avenue
Cincinnati, Ohio 45219
(513) 363-0114
hoyingd@cps-k12.org

/s/ Jeremy J. Neff_____
Jeremy Neff (0082246)
Ennis Britton Co. L.P.A.
1714 West Galbraith Road
Cincinnati, Ohio 45239
(513) 421-2540
jneff@ennisbritton.com

Attorneys for School Defendants

---

[3] An entire rule of the State Board of Education adopted "Licensure Code of Professional Conduct for Ohio Educators" (adopted Sept. 17, 2019) is devoted to "Confidentiality" (available at: Licensure Code of Professional Conduct for Ohio Educators, reviewed on March 8, 2021). Among other prohibitions, educators are prohibited from disclosing or providing access to student information such as grades, personal information, or individualized educational programs, or using confidential student or family information in non-professional ways such as gossip, malicious talk, or disparagement. Additional rules prohibit the violation of any state or federal law or rule, even if such violation does not result in criminal charges, as well as engaging in any harassing, intimidating, or retaliating behavior.

CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically on March 9, 2021, using the Court's CM/ECF filing system which will send an electronic copy to the following:

Daniel J. Donnellon
Kaitlyn C. Meeks
Sebaly Shillito & Dyer
9100 West Chester Towne Centre Drive
Suite 210
West Chester, Ohio 45069

/s/ Jeremy J. Neff