**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OHIO**

| | | |
|---|---|---|
| R.Z., by his/her parent B.Z.; C/O SEBALY SHILLITO + DYER | : : : | CASE NO. 1:21-CV-00140 |
| Plaintiffs, | : : | Judge: Matthew W. McFarland |
| v. | : : : | Magistrate Judge: Stephanie K. Bowman |
| CINCINNATI PUBLIC SCHOOLS; et al. | : : | REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION |
| Defendants. | : : : | TO MOTION FOR EXPEDITED DISCOVERY |

_____

Plaintiffs submit the following Reply to Defendants' Opposition to Plaintiffs' motion for expedited discovery.

**INTRODUCTION AND PROCEDURAL POSTURE**

On March 9, 2021, Defendants filed a Memorandum in Opposition to Plaintiff's Motion for Expedited Discovery. This action was then stayed for 30 days effective March 19, 2021. The stay expired on April 18, 2021, and Plaintiffs respectfully request the Court to direct its attention to the orderly administration of this action including the pending Motion for Expedited Discovery.

Under the Civil Justice Reform Act and the Federal Rules of Civil Procedure, the Court must attempt to secure the "just, speedy, and inexpensive" resolution of every civil case before it. 28 U.S.C. § 471; Fed. R. Civ. P. 1. This standard requires the Court, in the course of ensuring a

just outcome, to both (1) expedite the ultimate disposition of litigation and (2) reduce its costs. The pending Motion for Expedited Discovery accomplishes both of those goals.

Unfortunately, Defendants' memorandum in opposition contains very little argument relating to the merits of the Plaintiffs' motion.  Rather, Defendants go to great lengths to suggest this action is not properly before the Court because the Plaintiffs did not exhaust administrative remedies; but there is ***no motion to dismiss pending*** before the Court.  Even if there were, it would not constitute a valid opposition to the motion for expedited discovery and would not even justify a discretionary "stay" of discovery beyond the agreed upon stay which just expired.  This is particularly true, where, as here, some of the discovery sought relates directly to Plaintiffs' futility assertion that administrative solutions were so adversely affected by the COVID pandemic that they could not have been exhausted.

During the recent stay, R.Z.'s parents finally had the opportunity to sit down with R.Z.'s teacher and members of the 504 team from Walnut Hills.  What they learned was quite telling: (1) not one single Walnut Hills student on a 504 plan, like R.Z., had any meeting with the 504 team during the pandemic; (2) Walnut Hills did nothing to inform the parents of students on a 504 plan that there are remedies available to them; rather, Walnut Hills expected the parents, who are not educators, to identify their own child's educational difficulties during the COVID on-line learning; (3) no members of the 504 committee met, or even worked, during the COVID shut down; and (4) the only thing Walnut Hills did regarding students on a 504 plan was to send copies of the plans to the affected students' teachers, with no other instruction.  Obviously, at a very minimum, Walnut Hills could have mailed a form letter to parents of children on a 504 plan directing them to available resources and instructing them on how to intervene in their child's

educational needs.  Plaintiffs are seeking narrow document requests and other written discovery and seek to expedite the initial disclosures in order to, among other things, move as expeditiously as possible with the 2020-21 school year winding down.

## LEGAL ARGUMENT

A non-existent motion to dismiss for failure to exhaust administrative remedies is no justification to delay or stay discovery.  As a sister court in this jurisdiction aptly noted:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery.  4 J. Moore, Federal Practice § 26.70[2], at 461.  Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of litigation…. Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not stayed pending resolution of such motions.  Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss.  This would circumvent the procedures for resolution of such a motion.

*Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, 2008 WL 641252, *1, (S.D. Ohio March 4, 2008).  Indeed, at least one federal court has quite recently specifically addressed the notion that a stay of discovery in a case involving Free Appropriate Public Education ("FAPE") would be unfairly prejudicial to a student who claims to continue to suffer disability discrimination and deprivation of a FAPE.  *Cabrera v. Bd. of Educ. of Albuquerque Pub. Schools*, 2021 WL 131460 (D. New Mexico January 14, 2021).

Accordingly, there is no present justification to oppose the limited expedited discovery, as set forth below, and no reason to stay discovery or this action any further.

## CONCLUSION

Plaintiffs respectfully request that the Court Order the following mutual expedited discovery:

- Initial Disclosures within 14 days of the entry of the Order;

- No more than 10 interrogatories to be answered within 14 days of being propounded by the party seeking such discovery;

- No more than 10 requests for admission to be answered within 14 days of being propounded by the party seeking such discovery;

- Production of email and text communications pursuant to mutually agreed protocols for collection of the electronically stored data and key word search terms to narrow and limit the scope of production; counsel for the parties shall agree to such protocols within 7 days of the date of the entry of the Order, and responsive electronic data produced 7 days thereafter.

        Respectfully submitted,

        /s/ Daniel J. Donnellon
        Daniel J. Donnellon    (0036726)
        Kaitlyn C. Meeks    (0098949)
        SEBALY SHILLITO + DYER
        A Legal Professional Association
        9100 West Chester Towne Centre Drive
        Suite 210
        West Chester, Ohio 45069
        937-222-2500 Telephone
        937-222-6554 Facsimile
        ddonnellon@ssdlaw.com
        kmeeks@ssdlaw.com
        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I certify that on April 19, 2021 the foregoing was electronically filed with the Court and a courtesy copy was served upon the following individual(s) via email as no counsel has entered an appearance.

Jeremy J. Neff, Esq.
Ennis Britton Co., L.P.
1714 West Galbraith Rd.
Cincinnati, OH 45239

        /s/ Daniel J. Donnellon
        Daniel J. Donnellon

3673727.1