UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| R.Z., by his/her parent B.Z. | : | Case No. 1:21-CV-00140 |
| | : | |
| Plaintiff, | : | Judge McFarland |
| | : | Magistrate Judge Bowman |
| v. | : | |
| | : | |
| CINCINNATI PUBLIC SCHOOLS, et al. | : | MOTION TO DISMISS |
| | : | |
| Defendants. | : | |

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Cincinnati Public Schools and all other Defendants (collectively, the "School Defendants") respectfully move to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. This case alleges a violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. ("IDEA"), a claim which by necessity must be brought as an administrative due process complaint with the Ohio Department of Education. Plaintiff has failed to exhaust these well-established administrative remedies under the IDEA, and accordingly, the Complaint should be dismissed. A memorandum of support is attached.

Considering that the case is not properly before the Court, Plaintiff's request for expedited discovery should similarly be denied.

Respectfully submitted,

Of counsel:
Daniel J. Hoying (0079689)
Cincinnati City School District
2651 Burnet Avenue
Cincinnati, Ohio 45219
(513) 363-0114
hoyingd@cps-k12.org

/s/Jeremy Neff (0082246)
Ennis Britton Co. L.P.A.
1714 West Galbraith Road
Cincinnati, Ohio 45239
(513) 421-2540
jneff@ennisbritton.com

Attorneys for School Defendants

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| R.Z., by his/her parent B.Z. | : | Case No. 1:21-CV-00140 |
| | : | |
| Plaintiff, | : | Judge McFarland |
| | : | Magistrate Judge Bowman |
| v. | : | |
| | : | |
| CINCINNATI PUBLIC SCHOOLS, et al. | : | MEMORANDUM IN SUPPORT OF |
| | : | DEFENDANTS' MOTION TO DISMISS |
| Defendants. | : | |

Cincinnati Public Schools and all other Defendants (collectively, the "School Defendants") respectfully submit that the Court should grant this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff has failed to exhaust administrative remedies as required by the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. ("IDEA"). Accordingly, the Complaint should be dismissed.

I.   Standard of Review

Under Fed. R. Civ. P. 12(b)(1), the "plaintiff bears the burden" of demonstrating facts sufficient in the complaint to establish the Court's subject matter jurisdiction. *See L.G. by & through G.G. v. Bd. of Educ. of Fayette Cty., Kentucky*, 775 F. App'x 227, 229 (6th Cir. 2019). Under Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pled facts as true and considers whether the Complaint contains sufficient information to state a claim for relief that is plausible on its face. *Id*.

2

The Sixth Circuit Court of Appeals has not determined whether the administrative exhaustion requirement in the IDEA is jurisdictional – such that a Rule 12(b)(1) motion should be filed – or fatal to the plaintiff's claim for relief – such that a Rule 12(b)(6) motion should be filed. *See L.G.,* 775 Fed. Appx. at 231 n.3. Accordingly, school districts seeking dismissal of IDEA claims have filed motions under both Rules 12(b)(1) and 12(b)(6). *Id. See also Gibson v. Forest Hills Loc. Sch. Dist. Bd. of Educ.*, 655 F. App'x 423 (6th Cir. 2016). Where, as here, the parties do not dispute the exhaustion-related factual findings, "the distinction makes no difference." *Gibson*, *supra*., 655 F. App'x at 431.

Here, Plaintiff admits in the Complaint that it has not filed a due process complaint with the Ohio Department of Education and admits that the administrative process was not followed. Plaintiffs request the Court's permission to proceed with this case, notwithstanding that they have never filed an administrative due process complaint. (Doc. 1, Compl. at ¶¶ 11-18). Plaintiffs have not cited any legal authority which would permit the Court to hear this case without having exhausted administrative procedures required by the IDEA.

Given that there is no dispute here that Plaintiff has failed to exhaust administrative remedies, the School Defendants respectfully submit that the Court could dismiss this case under either procedural rule – for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6).

II. All Of The Claims In Plaintiff's Complaint Arise Under The IDEA And Relate To The School Defendant's Alleged Failure To Provide Plaintiff With A Free And Appropriate Education.

Plaintiff's claims against the School Defendants arise under the IDEA. The Complaint alleges that CPS "failed to provide a free appropriate public education ("FAPE") for R.Z." by failing to accommodate his special education needs during the time that CPS schools were closed

for in-person learning to prevent the spread of COVID-19. (Doc. 1, Compl.at ¶ 2). Plaintiff further alleges that R.Z. has not received the same services that R.Z. would have received if schools were open, and accordingly, that R.Z. is entitled to compensatory educational services under the IDEA. (*Id*. at ¶ 52)

Plaintiff's other claims for relief – under Section 504 of the Rehabilitation Act, Ohio's Education Law, and 42 U.S.C. § 1983 – arise from the same operative set of facts and are not meaningfully different than Plaintiff's IDEA claim. Under Section 504, Plaintiff alleges that R.Z. was deprived of a free and appropriate public education. (Doc. 1, Compl. at ¶ 55-68). Ohio Rev. Code Ch. 3323, cited in Plaintiff's complaint, is Ohio's statute implementing the IDEA – there is no material difference between the First and Third claims for relief in Plaintiff's Complaint. Plaintiff's Fourth Claim For Relief, under 42 U.S.C. § 1983, also refers back to the School Defendants' alleged violation of the IDEA.

### III. Plaintiff's Claims Are Barred By The Administrative Exhaustion Requirement In The IDEA.

The IDEA includes comprehensive and exclusive procedural safeguards that a parent must follow to challenge a school district's failure to provide an appropriate education to a student with disabilities. *See* 20 U.S. Code § 1415; Ohio Rev. Code § 3323.05; Ohio Adm. Code 3301-51-05 (describing the procedures for filing and hearing a state due process complaint arising from an alleged violation of the IDEA). Among other provisions, the IDEA explicitly requires exhaustion of administrative remedies under the IDEA anytime a plaintiff seeks "relief that is also available" under the IDEA. 20 U.S. Code § 1415(l).

The Supreme Court has recently held that a plaintiff may not circumvent the IDEA's administrative exhaustion requirement by bringing the plaintiff's complaint under the

4

Rehabilitation Act or Americans with Disabilities Act. *See Fry v. Napolean Community Schools*, 137 S. Ct. 743 (2017). "If a lawsuit charges [that a school district denied a student a free and appropriate education], the plaintiff cannot escape [the exhaustion requirement in] 20 U.S.C. § 1415(l) merely by bringing her suit under a statute other than the IDEA." *Id*. at 754. Indeed, the Supreme Court held that the IDEA "requires exhaustion when the gravamen of a complaint seeks redress for a school's failure to provide a [free and appropriate public education], even if not phrased or framed in precisely that way." *Id.* at 755.

The Sixth Circuit Court of Appeals similarly enforces the IDEA's exhaustion requirements. In *L.G. v. Bd. of Educ. of Fayette County,* 775 Fed. Appx. 227 (6th Cir. 2019), the parents of a student subject to an extended educational absence filed a lawsuit against the school district for failing to provide their child with appropriate educational services. The Sixth Circuit affirmed the federal district court's dismissal of the case – reasoning that the parent's claims were subject to the IDEA's exhaustion requirement, even though the claims were brought pursuant to the Rehabilitation Act. "[I]n the interest of judicial economy and to take advantage of agency expertise, the IDEA requires that a plaintiff exhaust the IDEA's administrative procedures before filing an action under the ADA, the Rehabilitation Act, or similar laws [when] the suit seeks relief that is also available under the IDEA." *Id*. at 230; *see also Sorah v. Tipp City Bd. of Educ.*, 2020 WL 1242882, at *6 (S.D. Ohio Mar. 16, 2020) ("Given that [the] complaint implicates the denial of a FAPE, he must therefore exhaust the IDEA's administrative procedures to the same extent as would be required had he brought this action under the IDEA.").

In *Gibson v. Forest Hills Loc. Sch. Dist. Bd. of Educ.*, 655 F. App'x 423 (6th Cir. 2016), the court relied on the same analysis, but found that a case filed by a school district should be dismissed for failure to satisfy the exhaustion requirement. In explaining the purpose of the

requirement, the Sixth Circuit observed that "Exhaustion not only 'enables the agency to develop a factual record' and 'apply its expertise,' but also allows an agency 'to correct its own mistakes,' thereby 'promoting accuracy, efficiency, agency autonomy, and judicial economy.' These benefits are particularly valuable where the question touches on a traditional state and local function in which we have little expertise, such as primary and secondary education." *Id*. at 432 (internal citations omitted).

In contrast to the above cases, the Middle District Court of Tennessee allowed a case to proceed without the exhaustion requirement being met. *N.S. by & through J.S. v. Tennessee Dep't of Educ.*, No. 3:16-CV-0610, 2017 WL 1347753, at *10 (M.D. Tenn. Apr. 12, 2017). The court concluded that a "narrow exception" to exhaustion due to futility applied after considering both the *Fry* decision from the Supreme Court as well as a pre-*Fry* decision from the District Court of the District of Columbia. *Id*. at *1, *10 (analyzing *Douglass v. District of Columbia*, 750 F. Supp. 2d 54 (D.D.C., 2010)). The *N.S.* court reviewed *Douglass* and found that although the complaint there alleged that all of the plaintiff's special education classmates were being harmed by an alleged practice of the school, "it was not clear" that classmates of the plaintiff were similarly situated or suffered similar harm. As a result, the *Douglass* court dismissed the plaintiff's case to allow for "the development of an administrative record regarding the plaintiff's particular IEP, the options for placement, and the curriculum goals of the classes he was enrolled in." *Id*. at *10. The *N.S.* court found the case before it to be distinct in that the plaintiff "truly alleges practices that clearly impact the ability of all special education students within Knox County schools to receive a FAPE [free, appropriate, public education] regardless of their IEPs or other individualized considerations." *Id*. The district-wide impact on all special education students was key to finding that the "narrow exception" for futility would be applied.

6

When confronted with a request to find another exception to the exhaustion requirement – one for "irreparable harm" – the Southern District Court of Ohio refused and observed that such an exception has not been recognized by the Sixth Circuit. *T.H. v. Cincinnati Pub. Sch. Dist. Bd. of Educ.*, No. 1:14-CV-516, 2014 WL 2931426, at *5 (S.D. Ohio June 27, 2014). The plaintiffs in *T.H.* urged swift action to provide additional summer services, but did not file suit until June despite having known of the summer service dispute nearly four months before. *Id.* at *8. The court cited Sixth Circuit precedent for the rule that "no exception will be made where plaintiffs assert an emergency that is in fact 'a problem of their own making.'" *Id*. Given these circumstances, the lack of Sixth Circuit precedent recognizing an "irreparable harm" exception, and the Sixth Circuit "preference to err on the side of exhaustion," the Southern District of Ohio concluded that it would be "overstep[ping] its bounds to invoke an exception to the exhaustion requirement" as requested by the plaintiffs. *Id*. Notably, in reaching this conclusion the court observed that far from excusing the failure to exhaust, the "undeveloped and conflicting record" highlighted the importance of using the administrative process "which Congress specifically designed so to avoid this very issue." *Id*.

In this case, the Complaint is very clearly directed to CPS's alleged violation of R.Z.s individual education plan ("IEP") and alleged failure to provide R.Z. with FAPE during the time that schools have been closed to in-person learning because of COVID-19. At the time of filing this litigation, R.Z. had been in remote learning for nearly an entire year – ample time for Plaintiffs to avail themselves of administrative procedures, a formal complaint to the State, an internal grievance with Cincinnati Public Schools, or the more routine request to convene a meeting with the educators serving R.Z. *See* 20 U.S. Code § 1415; Ohio Rev. Code § 3323.05; Ohio Adm. Code 3301-51-05   None of the limited exceptions to exhaustion recognized in the Sixth Circuit is offered to explain the failure to exhaust administrative remedies. Instead, it is

clear that the benefits of requiring exhaustion under IDEA recognized by the Sixth Circuit – promoting accuracy, efficiency, agency autonomy, and judicial economy – are fully applicable here when the entire complaint is built upon an allegation of the denial of services to R.Z. As a result, the claims in the Complaint are barred by the IDEA's administrative exhaustion requirement.

In an effort to excuse this fatal flaw, Plaintiff asserts that the administrative process set forth in the IDEA is too complicated and adversarial relative to federal litigation. (Doc. 1, Compl. at ¶ 16). Putting aside the reasonableness of this assessment, the Sixth Circuit has not recognized any exception to the exhaustion requirement that relates to these concerns. Plaintiff also seeks an exception to the exhaustion requirement because the "administrative hearing process is not adequate to address the harms." (Doc. 1, Compl. at ¶ 53). Such a vague assertion does not satisfy any of the narrow exceptions to the exhaustion requirement recognized in the Sixth Circuit. Far from the "narrow exception" for futility found in *N.S.* based on an alleged district-wide impact on all students, Plaintiff repeatedly and specifically points to the *individualized* needs and impact on R.Z. Plaintiff insists that a forum is needed to determine "*Plaintiff's* need for compensatory services and the Defendants' failure to comply *with R.Z.'s IEP* during remote learning" (emphasis added). (Doc. 1, Compl. at ¶ 67). Such a forum exists, and it is found in an administrative hearing as required by and set forth in IDEA. *See T.H. v. Cincinnati Pub. Sch. Dist. Bd. of Educ.*, No. 1:14-CV-516, 2014 WL 2931426, at *8 (describing administrative proceedings as "a process which Congress specifically designed so to avoid this very issue" of an "undeveloped and conflicting record").

IV.   Conclusion

For the foregoing reasons, the School Defendants respectfully submit that the Complaint should be dismissed for Plaintiff's failure to exhaust the administrative remedies available under the IDEA.

                Respectfully submitted,

Of counsel:

| | |
|---|---|
| Daniel J. Hoying (0079689) | /s/ Jeremy Neff (0082246) |
| Cincinnati City School District | Ennis Britton Co. L.P.A. |
| 2651 Burnet Avenue | 1714 West Galbraith Road |
| Cincinnati, Ohio 45219 | Cincinnati, Ohio 45239 |
| (513) 363-0114 | (513) 421-2540 |
| hoyingd@cps-k12.org | jneff@ennisbritton.com |

Attorneys for School Defendants

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically on April 22, 2021, using the Court's CM/ECF filing system which will send an electronic copy to the following:

Daniel J. Donnellon
Kaitlyn C. Meeks
Sebaly Shillito & Dyer
9100 West Chester Towne Centre Drive
Suite 210
West Chester, Ohio 45069

/s/ Jeremy J. Neff