# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

R.Z., by his/her parent B.Z.,                      Case No. 1:21-cv-140

       Plaintiff,                                         McFarland, J.
                                                                Bowman, M.J.
      v.

CINCINNATI PUBLIC SCHOOLS, et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Through counsel on March 1, 2021, Plaintiff R.Z., by his/her parent B.Z.,[1] filed a complaint against multiple individual and institutional Defendants (hereinafter "the School Defendants"). (Doc. 1). Pursuant to Plaintiff's requests, summonses were issued on the complaint on March 2, 2021. (Docs. 3-14). On March 3, 2021, Plaintiff filed a motion seeking "expedited discovery" along with a separate "emergency motion for protective order." (Docs. 16, 17). Although the latter motion has been resolved, the motion for expedited discovery remains pending and is now ripe. For the following reasons, the motion will be denied.

**I.     Background**

The complaint alleges that the School Defendants have failed to provide R.Z. with a free appropriate public education ("FAPE") during a period of time in which Walnut Hills

---

[1] For the Court's convenience, the Court will use the pronoun "their" in this Order.

High School was operating at 100% remote learning as a result of the Covid-19 pandemic.[2] Plaintiff alleges that Defendants' failure to provide R.Z. with an adequate FAPE results in violations of the Individuals with Disabilities Education Act "(IDEA"), 20 U.S.C. §1400 et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), the Ohio Individual with Disabilities Education Improvement Act ("OIDEIA") and the Ohio Education of Children with Disabilities Law, Ohio Rev. Code Chapter 3323 ("Ohio Education Law") (collectively the "Education Laws"), as well as a violation of 42 U.S.C. § 1983. (Doc. 1 at ¶1).

Within days of Plaintiff filing their complaint and motions, the undersigned set a telephonic hearing, conditioned on Plaintiff notifying defense counsel of the time and date to ensure their participation. (Doc. 19). Coincidentally, the record reflects that all Defendants were served with the complaint on March 9, the date of the scheduled hearing. (*See* Docs. 22, 23). That same date, defense counsel[3] filed a written memorandum in opposition to Plaintiff's motions and appeared at the telephonic hearing. At the hearing, the parties agreed to submit an agreed protective order to the Court, which the Court subsequently filed of record. (Doc. 21). The agreed order mooted Plaintiff's emergency motion for a protective order.

On March 19, 2021, the Court filed a "Consent Entry and Order to Stay," in which the parties further agreed to stay proceedings for 30 days in order to allow them to pursue

---

[2] According to public records, Walnut Hills recently resumed in-person learning for all interested students.
[3] Jeremy Neff filed a formal Notice of Appearance as well as the Memorandum in Opposition to Plaintiff's motions. (Docs. 24, 20). Mr. Neff, Dan Hoying and Stephanie Scott all appeared at the March 9 hearing.

resolution of the underlying issues outside of court. The stay expired automatically on April 18, 2021. On April 19, Plaintiff filed a reply memorandum in support of the still-pending motion for expedited discovery. On April 22, Defendants filed a motion to dismiss in lieu of an answer. Because a responsive pleading has just been filed, the parties have not yet filed a discovery plan under Rule 26(f), Fed. R. Civ. P.

**II. Analysis**

Pursuant to Rule 26(d)(1), Fed. R. Civ. P., "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." Courts considering motions for expedited discovery require the moving party to satisfy a "good cause" standard. *Lemkin v. Bell's Precision Grinding,* No. 2:08-cv-789, 2009 WL 154731, at *2 (S.D. Ohio June 2, 2009) (additional citation omitted). Here, Plaintiff seeks expedited discovery on grounds that if R.Z. is required to abide by standard discovery rules, "then compensatory services during the current school year could be forever lost." (Doc. 16 at 1). The undersigned concludes that Plaintiff's asserted reason for seeking expedited discovery, prior to the filing of Defendants' answer or the parties' the Rule 26(f) meeting, does not constitute "good cause" to expedite discovery at this time.

The cases on which Plaintiff relies are distinguishable; almost none involve the type of IDEA claims at issue here. For example, in *Lemkin v. Bell's Precision Grinding*, No. 2:08-cv-789, 2009 WL 1542731 (S.D. Ohio June 2, 2009), the court explained that "good cause" for expedited discovery "is often found in cases alleging *infringement, unfair*

3

*competition, or where evidence may be lost or destroyed with time*." *Id*. at \*2 (emphasis added). Although the underlying claim in *Lemkin* was precisely the type of patent infringement claim that supports expedited discovery, the court still limited the expedited discovery to the narrow issue of personal jurisdiction, on which the defendant had moved to dismiss. *Id*. at \*3.

Other cases cited by Plaintiff involve very limited expedited discovery in advance of a hearing scheduled on a pending motion for TRO or for a preliminary injunction. Plaintiff suggests that their expedited request should be granted "[i]n order to fully and completely prepare for any potential interim equity relief relating to compensatory services for R.Z," (Doc. 16 at 3), but Plaintiff has filed no motion for a temporary restraining order or for preliminary injunctive relief. In one of the cases relied on by Plaintiff, *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp.2d 986, 991 (S.D. Tex. 2004), the court <u>denied</u> a motion for expedited discovery when the plaintiff had not yet filed any type of motion for preliminary injunctive relief, but sought to expedite discovery in part for a "possib[e]" motion for injunctive relief. *Compare*, *e.g.*, *Hydropartners, LLC v. Econergy Energy Generation Ltd*., No. 1:08-cv-819, 2008 WL 1775411 (N.D. Ohio April 16, 2008) (after motion for preliminary injunction was filed, allowing limited and narrowly tailored discovery targeted to the issues to be presented at the hearing on that motion); *Hausser Taylor LLC v. RSM McGladrey, Inc.*, No. 1:07-cv-2832, 2007 WL 2778659 (N.D. Ohio Sept 21, 2007) (although the court denied plaintiff's TRO motion, after new allegations of bad faith arose at the hearing on that motion, the court permitted three days of expedited

4

discovery to allow plaintiff to seek further support for a request for preliminary injunctive relief).

In their response in opposition to the motion for expedited discovery, the School Defendants argue that Plaintiff cannot establish good cause for expecting discovery in this case because Plaintiff did not attempt to satisfy the mandatory administrative exhaustion requirement under the IDEA prior to filing this suit.[4] (Doc. 1 at ¶¶ 12, 14, asserting that administrative exhaustion would be futile). In addition to disputing Plaintiff's allegations that exhaustion would be futile, Defendants point out that under Ohio Adm. Code 3301-51-05(k)(15)(a), due process hearings are held on a fast-tracked basis with a final decision to be reached within 45 days. Defendants maintain that if Plaintiff had engaged in an IDEA due process hearing, there would be no need for expedited discovery because the hearing officer is empowered to issue subpoenas for witnesses and records, and all evidence must be disclosed at least five business days prior to the hearing. *See* Ohio Adm. Code 3301-51-05(K)(11)(a)(3) and (K)(12)(c).

Although Defendants have now filed their motion to dismiss on the same basis, on April 19 when Plaintiff filed their reply memorandum, Plaintiff argued that "[a] non-existent motion to dismiss for failure to exhaust administrative remedies is no justification to delay or stay discovery." (Doc. 26 at 3). *See generally*, *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, 2008 WL 641252, at *2 (S.D. Ohio Mar. 4, 2008) (denying motion to stay

---

[4]In the reply memorandum, Plaintiff cites to a single IDEA case, *Cabrera v. Board of Education of Albuquerque Public Schools*, 2021 WL 131460, at *2 (D.N.M. Jan. 14, 2021). But *Cabrera* involved a plaintiff who filed a federal action after exhausting his IDEA due process hearing rights. In addition, *Cabrera* addressed the defendant's motion to stay ordinary discovery, not a plaintiff's motion for expedited discovery.

5

discovery based on a motion to dismiss that defendants waited 13 months to file, but explaining that if the likelihood of a jurisdictional dismissal were high, the Court might be persuaded to grant a stay of discovery). Unlike in *Ohio Bell*, however, Defendants cannot be faulted for failing to file a motion to dismiss before their time for filing a responsive pleading had expired. Notably, Plaintiff filed the motion for expedited discovery before serving them with the complaint.

The only motion that is ripe - for expedited discovery - requires Plaintiff to establish good cause for circumventing the normal litigation process in favor of an extremely expedited procedure. Plaintiff has not carried this burden. Rule 26(f), Fed. R. Civ. P., sets forth a very complete list of topics to be covered by counsel during their "meet and confer" process, which list easily encompasses the subject matter of the abbreviated and shortened discovery parameters requested by Plaintiff in their reply memorandum. In addition, Rule 26(d)(2) would have allowed Plaintiff to serve early Rule 34 requests even before the parties conduct their Rule 26(f) conference.

While Plaintiff's motion for expedited discovery has been pending, all parties agreed to a 30-day stay during which R.Z.'s parents consulted with R.Z's teacher and members of the 504 team from Walnut Hills and obtained a significant amount of information concerning R.Z.'s claims. Also during the stay, Walnut Hills resumed in-person learning. Plaintiff's willingness to enter into the 30-day stay, and the information gleaned during that time, suggest that further expediting discovery in advance of the Rule 26(f) conference is not necessary. Rule 26(f) directs the parties to formulate a discovery

plan "as soon as practicable." In order to speed completion of the Rule 26(f) process, the undersigned will direct the parties to file their Rule 26(f) report by a date certain.[5]

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT**:

1. Plaintiff's motion for expedited discovery (Doc. 16) is **DENIED**.

2. Defendants and Plaintiff shall file their Rule 26(f) report as soon as possible, not later than **May 5, 2021.**

*Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[5] If Plaintiff desires an expedited decision on the motion to dismiss, Plaintiff is encouraged to file their response in opposition as soon as possible, without awaiting the full time permitted by the rules. However, at this time, the Court will not mandate expedited briefing.