IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| R.Z., by parent B.Z., | : | Case No. 1:21-cv-140 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | Magistrate Judge Stephanie K. Bowman |
| CINCINNATI PUBLIC SCHOOLS, *et al.*, | : | |
| Defendants. | : | |

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 37)**

This matter is before the Court upon the Report and Recommendation ("Report") of United States Magistrate Judge Stephanie K. Bowman (Doc. 37), to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Report, the Magistrate Judge recommends that this Court deny Plaintiff's requests to amend the Complaint (Doc. 1) raised in the Response in Opposition to the Motion to Dismiss (Doc. 30) and during oral argument on Defendants' Motion to Dismiss (Doc. 27). The Magistrate Judge further recommends that the Motion to Dismiss be granted, and this case be dismissed in its entirety for failure to administratively exhaust the claims presented. Plaintiff filed Objections to the Report (Doc. 41), to which Defendants responded in opposition (Doc. 42). Thus, the matter is ripe for the Court's review.

Plaintiff objects to the Report for several reasons. As an initial matter, Plaintiff's objections largely consist of reiterations of the arguments set forth in Plaintiff's Response

in Opposition to Defendants' Motion to Dismiss (Doc. 30), which were thoroughly and properly addressed and rejected by the Magistrate Judge. These general objections are not sufficient to preserve any issues for review, as rehashing the same arguments made previously defeats the purpose and efficiency of the Federal Magistrate's Act, 28 U.S.C. § 636. *Gilmore v. Russian*, No. 2:16-cv-1133, 2017 U.S. Dist. LEXIS 93843, at *1 (S.D. Ohio June 19, 2017) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effect as would a failure to object.")). Plaintiff otherwise fails to demonstrate any factual or legal error by the Magistrate Judge in her Report.

In the first objection, Plaintiff maintains that Defendants' alleged failure to ensure that Plaintiff was receiving a free appropriate public education ("FAPE") during remote learning is not subject to administrative exhaustion as required by the Individuals with Disabilities Education Act ("IDEA"). (Objections, Doc. 41, Pg. ID 250-52.) Because the Defendants allegedly did "nothing at all to ensure compliance with [Petitioner's] well-established special needs plan," Plaintiff maintains that no factual inquiry exists to necessitate administrative review. (*Id.* at Pg. ID 252) The Court disagrees. Regardless of Plaintiff's "attempts at artful pleading," the "crux [] of [Plaintiff's] complaint" is a denial of FAPE. *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 169 (2017). "[F]ederal law requires parents to complete the IDEA's administrative process before bringing any suit under federal law that concerns the 'denial of a free appropriate public education.'" *Perez v. Sturgis Pub. Sch.*, 3 F.4th 236, 240 (6th Cir. 2021). Thus, the IDEA's administrative exhaustion requirement applies to Plaintiff's claims.

Second, Plaintiff argues that, even if required, administrative exhaustion in this case would be futile and, therefore, should be waived under a futility exception. (Objections, Doc. 41, Pg. ID 252-54.) However, this Court recently found that "Sixth Circuit law does not apply a futility exception to the IDEA exhaustion requirement." *A.G. v. Bd. Of Educ.*, No. 1:18-cv-681, 2022 U.S. Dist. LEXIS 179164, at *16 (S.D. Ohio Sep. 29, 2022) (citing *Perez*, 3 F.4th at 242). Here, even if the Sixth Circuit's decision in *Perez v. Sturgis Public School* did not terminate the futility exception, Plaintiff's claims would still fail. Plaintiff alleges that "[f]orcing state administrative resources—during a global pandemic—to evaluate the adequacy of 'doing absolutely nothing' is the height of futility." (Objections, Doc. 41, Pg. ID 253.) However, as the Magistrate Judge found, "[t]he determination of whether or not a school has complied with a student's [Individualized Education Plan] is a fact-intensive inquiry," even when a school has wholly failed to implement such a plan. (Report, Doc. 37, Pg. ID 211.) Such inquiry is "best resolved through administrative procedures." (*Id.*) Therefore, the administrative exhaustion of Plaintiff's claims is mandatory pursuant to the IDEA.

In the third and final objection, Plaintiff requests that this Court permit Plaintiff to amend the Complaint to address any "misperceived failures." (Objections, Doc. 41, Pg. ID 255.) Plaintiff argues that the Magistrate Judge failed to adequately address why the Complaint should not be amended. (*Id.* at Pg. ID 250.) However, the Magistrate Judge clearly demonstrates throughout her Report that no amendment to the Complaint would alter the conclusion that Plaintiff's claims must first proceed through the administrative process. (*See* Doc. 37.) Thus, the Court denies Plaintiff's requests to amend the Complaint.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Plaintiff's Objections (Doc. 41) are not well taken and, therefore, **OVERRULED**. Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 37) and **ORDERS** the following:

(1) Plaintiff's requests to amend the Complaint are **DENIED**;

(2) Defendants' Motion to Dismiss (Doc. 27) is **GRANTED**;

(3) This case is **DISMISSED WITHOUT PREJUDICE** for failure to administratively exhaust the claims presented; and

(4) This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND